[651 NYS2d 805]

In the Matter of ROBERT H. ALESSI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 1996

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Vincent L. Scarsella* of counsel), for petitioner.

*Joel L. Daniels,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 9, 1963 and maintains an office in Jamestown.

The Grievance Committee filed a petition containing multiple charges of misconduct. Respondent submitted an answer denying material allegations in the petition, and a Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. Petitioner and respondent stipulated to the facts before the Referee, who has returned the matter to this Court with the written stipulation of facts. Respondent has filed a brief setting forth matters in mitigation.

Respondent has stipulated that, during his management of the financial affairs for an elderly client, he used the funds of the client for personal and business expenses and failed to maintain sufficient funds in his trust account to satisfy the interest of his client. Respondent asserts that those funds represented payment for legal, financial management and general caretaking services that he rendered to the client, but acknowledges that he had no express retainer or other agreement with his client permitting him to take such fees and that he failed to maintain contemporaneous records, issue billing statements, or prepare other records reflecting the distribution of the client's assets. Based on the foregoing admissions, we conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds with his own;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of his client coming into his possession; and

DR 9-102 (E) (22 NYCRR 1200.46 [e])—failing to make special account withdrawals to a named payee.

We have considered the matters in mitigation submitted by respondent and conclude that he should be suspended for three years and until further order of the Court. We also direct respondent to pay restitution in the amount specified in the petition.

PINE, J. P., LAWTON, BALIO, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.